Good morning, Mr. Singer. You have 10 minutes. Begin whenever you're ready. Thank you. May it please the Court, my name is Murray Singer. I represent the appellant David Thai. We contend that the district court's focus on the conduct underlying the convictions to deny compassionate release, seemingly to the exclusion of all other factors, undermines the intent and the purpose of the compassionate release statute. There is nothing in that to do that when they want to. The Congress has carved out a number of offenses that make an inmate ineligible. No, they left that, Congress left it very basically in our subsequent decisions, hold that section 355 factors are determined, can be determinative in these cases. And that takes care of serious crimes as part of that calculus. The purpose and intent of the compassionate release statute is both to afford the opportunity, if a showing can be made that it is appropriate, if there's, right, if there are compelling reasons, under 3553, that can't be ignored. And that compassionate release has to accord with the 3553 analysis. Yes, the 3553A analysis is done. It is done, however, as the many courts have said, in the context of where we are now. Yeah. And it's not simply focused on... The district court did that, Mr. Singer. She looked at, it's not as if she didn't look at where we are now. She looked at the letters and the rehabilitation, even the remorse, and she said, I don't find these sufficient. And, you know, you suggested in the briefing, you know, that effectively, if someone's convicted of murder, the suggestion is that they're not, the compassionate release is not appropriate. But the district court didn't say that. She gave very particular reasons of why these, this offense, the seriousness and the harm caused by your client, and, you know, included a murder of a robbery victim who was cooperating with police, you know, I'm talking about the organization that he led, executing in front of a 12-year-old nephew, shooting another robbery victim in the head after stabbing him and tying up, brutalizing other robbery victims. So there was a whole host of murder and robberies of a gang that your client led. And she said, notwithstanding his rehabilitation and now his remorse, I think these other factors, the seriousness of what he did and the harm that he caused, doesn't merit release. He should be in jail for life. And why can't a district court reach that conclusion? In its discretion, it didn't have to reach that conclusion. But you're suggesting that it can't reach that conclusion? Under the circumstances that are presented here, there are no factors. There's nothing more that the defense could do. He's dying and he's near death now. He's not, he doesn't pose a danger to anyone. What, the end result of the argument that your Honor just made is that depending on the individual district court judge, it's simply not available. The crime itself is sufficiently, is sufficiently bad. There are some crimes that are so serious and the harm is so great that even if he doesn't pose a danger at this point because he's sick or his age and he's remorseful, that he still shouldn't get out. There's nothing more that this particular defendant could do. He's served the time, he's... Well, there's another reason and that is just deserts and, you know, general deterrence, a message to the public, you know, in that sense. I mean, and isn't the district judge really in a better position to, as a general matter, to decide these questions? I mean, she presided over the trials, she's dealt with earlier motions, and she exercised her discretion here. We would have to find, you know, pretty egregious abuse of discretion, I don't think. Well, I don't know that there's degrees of abuse of discretion. I think there either is or is not. And I would submit that the... What we read, certainly, into this is a refusal to consider anything else. I look at the conduct which occurred 35 years ago, and I say that no matter what you've done, no matter how spotless your record in prison, no matter what programs you've done, no matter the remorse, no matter the recommendations from prison staff because of the conduct and how you conduct yourself, and the fact that you are, in essence at this point, an invalid, that it doesn't matter. That as we look at it now, there is no room in this statute, a statute passed by Congress which contemplated that even in cases with conspiracy to murder, which was what the conviction was here, that even in that case, where Congress says it's available and the court can consider it to say we're looking at nothing but the conduct and that overrides anything else, it doesn't matter what you say. We think that... I don't know what else she looked at. She can't... She said she looked at the letters, the rehabilitation. She mentioned his remorse. Well, yes, she looked at all of the factors and discarded all of them, but in terms of the 3553A factors, I mean, these other factors, the letters and everything else, are what established and she found that he'd established a compelling case to warrant relief. And so the first two of the three prongs to be entitled to relief were established and then went to the 3553A factors. And the only one that she could or does rely on is to say, well, look, the crime was so terrible. And I get it. There's no question that the sentence at the time was warranted, but we're looking at it now, and yet the district court is focusing on and relying on nothing else. When we look at the other 3553A factors, there is nothing else that would compel the conclusion that she reached, that denying compassionate relief. He's not, I mean, in terms of deterrence, a man spent over 30 years in prison and he's near death. The public doesn't need protection from him at this point. He's not in a position to do anything. His physical condition is such. Fundamentally, the only 3553A factor that the court can and did rely on was the conduct. And they submit that to do that, to rely on that to the exclusion of all else, is an abuse of discretion. It's certainly outside of the intent and purpose of the statute. And there are many, many cases, and I've cited a number of them, not an exhaustive list, but a number of them involving crimes as serious as the one that Mr. Tye was convicted of, where compassionate release was deemed appropriate. And so we urge Your Honor to take a look at that, to consider that, and to consider that the single-minded focus on that one factor to the exclusion of all else, and it simply undermines the purpose of 3582, which grants the opportunity for release on compassionate release when the circumstances warrant it. If there's no other questions, thank you very much. Thank you, Mr. Singer. All right, we open the government, Ms. Larkin. May it please the Court, I'm Megan Larkin, appearing on behalf of the United States. The district court did not abuse her considerable discretion in denying the appellant's motion for compassionate release, because she appropriately considered the mitigating factors presented by the appellant in his petition, and after weighing those factors against the other 3553A factors, reasonably concluded that release was not warranted, given the horrific conduct committed by the appellant. The crimes committed by the appellant were egregious. He founded and led a violent street gang that terrorized the community for years. He recruited young impressionable men to join the gang. He housed them in safe houses, and he violently beat them to maintain discipline and control. He then ordered the gang to commit violent crimes, such as robberies and extortions, many of which he planned. He selected the targets, he assigned roles, he provided guns, and then he collected the proceeds at the end. Now, this Court detailed in its opinion upholding the conviction and sentence, which was written by Judge Kearse, the atrocities of the crimes committed against the victims of this gang. The victims were shot, and the appellant also ordered three murders, all of which were carried out. Two of the murders were against rival gang members from the Flying Dragons over a turf dispute, and a third was a robbery victim who was cooperating with the police and refused to be extorted by the appellant. Because of this refusal, the appellant ordered him dead. And as a consequence, he was executed by being shot in the head in front of his 12-year-old nephew with his wife just outside. The District Court balanced this conduct against the mitigating factors that were presented by the appellant in his petition, which is shown on appendix pages 340 to 341, included the appellant's medical condition and his history, his claims of remorse, and his release plan. But against the backdrop of his heinous crimes, it was well within the District Court's discretion to conclude, as stated by the Court at appendix page 340, that the appellant, quote, merited the life sentence he received for the violence he inflicted personally and through his leadership of the Born to Kill Gang. For these reasons, the District Court's order should be affirmed. And if the Court has no questions, I'll rest on the papers. Thank you. Thank you both. We'll reserve the decision. Have a good day.